**NO. 24-2196**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## MALCOLM K. SHIELDS,

*Plaintiff - Appellant,*

v.

## CITY OF WINSTON-SALEM;
## POLICE OFFICER T. R. JACOBS, individually and in his official capacity as an employee of the City of Winston-Salem,

*Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

————————

**BRIEF OF APPELLANT**

————————

**J. Elliott Field**
**J. ELLIOTT FIELD,**
  **ATTORNEY-AT-LAW, PLLC**
**216 North McDowell Street**
**Suite 100**
**Charlotte, NC  28204**
**(704) 334-3747**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. <u>24-2196</u>        Caption: <u>Malcolms Shields, v. City of Winston-Salem et al.</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>Malcolm Shields</u>
(name of party/amicus)

who is <u>Appellant</u>, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations?  ☐ YES ☑ NO
    If yes, identify all parent corporations, including all generations of parent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
    If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
      financial interest in the outcome of the litigation?                    ☐YES ☑NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)     ☐YES ☑NO
      If yes, identify any publicly held member whose stock or equity value could be affected
      substantially by the outcome of the proceeding or whose claims the trade association is
      pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
      If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
      party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
      caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
      corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?     ☐YES ☑NO
      If yes, the United States, absent good cause shown, must list (1) each organizational
      victim of the criminal activity and (2) if an organizational victim is a corporation, the
      parent corporation and any publicly held corporation that owns 10% or more of the stock
      of victim, to the extent that information can be obtained through due diligence.

Signature: s/J. Elliott Field, Esq.                    Date:     12/18/2026

Counsel for: Malcolm Shields

Print to PDF for Filing

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................................. ii

JURISDICTIONAL STATEMENT ....................................................................1

STATEMENT OF THE ISSUES.........................................................................1

STATEMENT OF THE CASE.............................................................................2

    Statement Of The Facts ...............................................................................2

SUMMARY OF THE ARGUMENT ..................................................................4

ARGUMENT .......................................................................................................4

    Standard Of Review.....................................................................................4

    I.     DEFENDANT JACOBS IS NOT ENTITLED TO QUALIFIED
           IMMUNITY ....................................................................................5

    II.    GENUINE DISPUTES OF MATERIAL FACT PRECLUDE
           SUMMARY JUDGMENT...............................................................8

    III.   OFFICER JACOBS USED EXCESSIVE FORCE IN
           VIOLATION OF THE FOURTH AMENDMENT...........................10

    IV.   THE CITY OF WINSTON-SALEM IS SUBJECT TO
           MONELL LIABILITY .....................................................................11

CONCLUSION...................................................................................................14

REQUEST FOR ORAL ARGUMENT ..............................................................14

CERTIFICATE OF COMPLIANCE..................................................................15

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) ...............................11

*American Mfrs. Mut. Ins. Co. v. Sullivan*,
526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ...............................13

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ......................5, 8, 11

*Carter v. Morris*,
164 F.3d 215 (4th Cir. 1999) ........................................................................13

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ................................9

*City of Canton, Ohio v. Harris*,
489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) .....................11, 12

*Durham v. Horner*,
690 F.3d 183 (4th Cir. 2012) ..........................................................................9

*Graham v. Connor*,
490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) .......................6, 10

*Harlow v. Fitzgerald*,
457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ...............................5

*Harris v. Pittman*,
927 F.3d 266 (4th Cir. 2019) ..........................................................................5

*Henry v. Purnell*,
652 F.3d 524 (4th Cir. 2011) ..........................................................................4

*Hope v. Pelzer*,
536 U.S. 730, 122 S. Ct. 2508, 2516, 153 L. Ed. 2d 666 (2002) ...............7, 8

*Lytle v. Doyle,*
    326 F.3d 463 (4th Cir. 2003) ...................................................12, 13

*Merritt v. Old Dominion Freight Line, Inc.,*
    601 F.3d 289 (4th Cir. 2010) .........................................................9

*Meyers v. Baltimore County,*
    713 F.3d 723 (4th Cir. 2013) .........................................................9

*Monell v. Department of Social Services,*
    436 U.S. 658 (1978)........................................................1, 11, 12

*Pearson v. Callahan,*
    555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) ...........................5, 6

*Polk County v. Dodson,*
    454 U.S. 312, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981) ......................12

*Smith v. Ray,*
    781 F.3d 95 (4th Cir. 2015) ...........................................................5

*Tennessee v. Garner,*
    471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985) .......................................6

*Tolan v. Cotton,*
    572 U.S. 650, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014) ...................*passim*

**Statutes:**

28 U.S.C. § 1291 ........................................................................1

42 U.S.C. § 1983 ...............................................................*passim*

**Constitutional Provisions:**

U.S. Const. amend. I ...................................................................12

U.S. Const. amend. IV ..........................................................*passim*

U.S. Const. amend. XIV ...............................................3, 4, 13

**Rules:**

Fed. R. App. P. 34 .......................................................................14

Fed. R. Civ. P. 56(a)........................................................4, 8, 9, 11

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The District Court entered final judgment granting summary judgment to the Defendants on April 24, 2025. Mr. Shields timely filed a Notice of Appeal. This appeal is from a final decision disposing of all parties and claims.

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, ...

28 U.S.C.A. § 1291 (West)

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in granting summary judgment where genuine disputes of material fact exist as to whether Officer Jacobs used excessive force against Plaintiff Malcolm K. Shields.

2. Whether the District Court erred in holding that Defendant Jacobs is entitled to qualified immunity despite evidence showing potential violations of clearly established constitutional rights.

3. Whether Plaintiff presented sufficient evidence of municipal liability under *Monell v. Department of Social Services* to survive summary judgment as to the City of Winston-Salem.

1

## STATEMENT OF THE CASE

Plaintiff-Appellant Malcolm K. Shields appeals from the final order of the United States District Court for the Middle District of North Carolina granting summary judgment in favor of Defendants-Appellees City of Winston-Salem and Police Officer T.R. Jacobs. (JA177, JA213).

Mr. Shields filed suit under 42 U.S.C. § 1983 and North Carolina law, alleging that his constitutional and civil rights were violated during a wrongful and excessive-force arrest that occurred on December 14, 2019, while he was working as a credentialed sports journalist at BB&T Field in Winston-Salem, North Carolina. (JA7).

The Defendants moved for summary judgment. Mr. Shields opposed the motion with supporting documentation, including his affidavit and contemporaneous video footage. The District Court granted Defendants' motion in full. (JA48, JA127, JA161, JA177, JA213).

Mr. Shields now appeals to the Fourth Circuit, asserting that genuine issues of material fact preclude summary judgment and that the Defendants are not entitled to qualified immunity. (JA214).

### Statement Of The Facts

On December 14, 2019, Malcolm Shields was covering the NCHSAA 2A Championship football game at BB&T Field as a credentialed journalist for the

Daily Advance newspaper. (JA151). He had a visible NCHSAA media pass around his neck, as he had during dozens of prior sporting events over his eight-year career. (*Id.*).

During pregame and game coverage, Shields encountered Officer T.R. Jacobs, who repeatedly approached and admonished Shields about his position near the sidelines, despite no violation of law or stadium protocol. (*Id.*). On their third encounter, Jacobs escalated the situation, ejecting Shields from the venue, aggressively confronting him, and then placing him under arrest. (*Id.*).

Shields began recording the interaction on his camcorder. As he attempted to comply and walk away, Jacobs pinned him against a concrete wall, using his forearm to apply full body pressure to Shields' chest. Shields was then tripped, thrown to the ground, and forcefully restrained by Jacobs and another officer. (*Id.,* JAII). He sustained physical injuries, including wrist cuts, knee pain, and breathing difficulty, and experienced severe emotional distress. (JA151).

Shields was charged with second-degree trespass and resisting a public officer. The charges were voluntarily dismissed in 2021 and later expunged. (*Id.*).

Shields contends that Jacobs lacked probable cause to arrest him, used excessive force, and violated his constitutional rights under the Fourth and Fourteenth Amendments. He further alleges that the City of Winston-Salem failed

to adequately train and supervise its officers, giving rise to Monell liability. (JA7; 151).

## SUMMARY OF THE ARGUMENT

The District Court erred in granting summary judgment to Defendants. Mr. Shields presented compelling evidence that, when viewed in the light most favorable to him, establishes genuine disputes of material fact regarding the lawfulness of his arrest and the excessive force used against him. Qualified immunity does not shield Officer Jacobs, who violated clearly established rights under the Fourth and Fourteenth Amendments. Furthermore, the City of Winston-Salem may be held liable under Monell due to its failure to properly train and supervise officers policing public sporting events.

## ARGUMENT

### Standard Of Review

The Court of Appeals reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court. *See Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam); Fed. R. Civ. P. 56(a).

In evaluating a summary judgment motion, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Harris v. Pittman*, 927 F.3d 266, 271 (4th Cir. 2019).

Moreover, in cases involving qualified immunity, "summary judgment is improper if there are facts in dispute that are material to a determination of the reasonableness of the officer's conduct." *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015).

## I.    DEFENDANT JACOBS IS NOT ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)

The analysis involves two prongs: (1) whether the official's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232.

Mr. Shields has presented competent evidence showing that Officer Jacobs arrested him without probable cause and used excessive force during the arrest. These actions violated clearly established rights under the Fourth Amendment to be free from unreasonable searches and seizures, including arrest without probable cause and the use of excessive force. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). (JA7, JA151, and JAII - Appellant's video).

> Today we make explicit what was implicit in *Garner* 's analysis, and hold that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989)

> When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures. *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The inquiry into whether this right was violated requires a balancing of " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.' " *Tennessee v. Garner,* 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); see *Graham, supra,* at 396, 109 S.Ct. 1865.

The second prong of the qualified-immunity analysis asks whether the right in question was "clearly established" at the time of the violation. *Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Governmental actors are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Ibid.* "[T]he salient question ... is whether the state of the law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional." *Id.,* at 741, 122 S.Ct. 2508.

Tolan v. Cotton, 572 U.S. 650, 656, 134 S. Ct. 1861, 1865–66, 188 L. Ed. 2d 895 (2014)

Moreover, it was clearly established law in 2019 that an officer could not lawfully arrest a citizen absent probable cause, and that objectively unreasonable force in the course of such an arrest violates the Fourth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). Jacobs' conduct in aggressively confronting, pinning, and injuring Mr. Shields—a credentialed reporter conducting lawful activity—was objectively unreasonable and excessive under the circumstances. (JA7, JA151, and JAII - Appellant's video).

Our opinion in *Lanier* thus makes clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances. Indeed, in *Lanier,* we expressly rejected a requirement that previous cases be "fundamentally similar." Although earlier cases involving "fundamentally similar" facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding. The same is true of cases with "materially similar" facts. Accordingly, pursuant to *Lanier,* the salient question that the Court of Appeals ought to have asked is whether the state of the law in 1995 gave respondents **fair warning** that their alleged treatment of Hope was unconstitutional.

7

Hope v. Pelzer, 536 U.S. 730, 741, 122 S. Ct. 2508, 2516, 153 L. Ed. 2d 666 (2002) (emphasis added).

Appellant submits that Jacobs had **fair warning** that his alleged treatment of Shields was unconstitutional.

Because genuine disputes of material fact exist concerning whether Jacobs' actions were lawful, summary judgment based on qualified immunity was improper. *See Tolan*, 572 U.S. at 657 (reversing summary judgment where court failed to view facts in the light most favorable to the nonmovant).

## II.    GENUINE DISPUTES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT

Summary judgment is appropriate only where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

> ... summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)

Here, Mr. Shields has presented sworn affidavit testimony and factual

assertions that are starkly at odds with the version of events presented by Officer

Jacobs. These include whether Mr. Shields was lawfully present on the field,

whether he was told to leave in a lawful manner, whether he was resisting, whether

excessive force was used, and whether probable cause existed to support any

charge. (JA7, JA151, and JAII - Appellant's video).

A jury could reasonably credit Mr. Shields' account of being aggressively

confronted, thrown to the ground, pinned against a wall, and falsely accused,

despite having done nothing more than perform his job as a credentialed journalist.

(*Id.*). When material factual disputes exist about the conduct of parties in a § 1983

case, summary judgment is improper. *See Meyers v. Baltimore County*, 713 F.3d

723, 730 (4th Cir. 2013).

> We review de novo the district court's award of summary judgment.
> *See Durham v. Horner,* 690 F.3d 183, 188 (4th Cir.2012). Summary
> judgment is appropriate only when there is no genuine dispute
> regarding any material fact, and the moving party is entitled to
> judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v.
> Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);
> *Merritt v. Old Dominion Freight Line, Inc.,* 601 F.3d 289, 295 (4th
> Cir.2010).

Meyers v. Baltimore Cnty., Md., 713 F.3d 723, 730 (4th Cir. 2013)

### III.   OFFICER JACOBS USED EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

Claims of excessive force in the context of an arrest are governed by the Fourth Amendment's protection against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394–95 (1989). The use of force must be objectively reasonable in light of the facts and circumstances confronting the officer, without regard to underlying intent or motivation. *Id*. at 397.

The Fourth Circuit evaluates excessive force claims by considering (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id.*

Applying these factors, the force used against Mr. Shields was plainly excessive. The alleged offense was a minor misdemeanor—second-degree trespass—based on his presence at a football game he was authorized to cover as a credentialed journalist. (JA7, JA151, JAII - Appellant's video). Mr. Shields posed no immediate threat to anyone. He was unarmed, not violent, and simply attempting to document the game. (*Id.*). Finally, he was not resisting arrest or fleeing. Rather, he was recording the officer's actions and backing away when he was physically forced against a wall and taken to the ground. (*Id.*).

Officer Jacobs applied his full body weight to pin Mr. Shields to a wall, used force to throw him down, and forcefully handcuffed him while he was subdued—

all in public view. These actions were neither necessary nor reasonable under the totality of the circumstances. A reasonable officer in Jacobs' position would have known that such force was unlawful.

At the summary judgment stage, the Court must view the facts in the light most favorable to Mr. Shields. *See Tolan v. Cotton,* 572 U.S. 650, 656-657 (2014). Under Mr. Shields' account, which is supported by affidavit and partially corroborated by video, a reasonable jury could find that Officer Jacobs' use of force was objectively unreasonable and unconstitutional.

> Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). In making that determination, a court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); see also *Anderson, supra,* at 255, 106 S.Ct. 2505

Tolan v. Cotton, 572 U.S. 650, 656–57, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014)

## IV.   THE CITY OF WINSTON-SALEM IS SUBJECT TO MONELL LIABILITY

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality may be held liable under 42 U.S.C. § 1983 if a constitutional violation resulted from an official policy, an informal custom, or a failure to train or supervise amounting to deliberate indifference. *See also City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

We **hold** today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to **deliberate indifference** to the rights of persons with whom the police come into contact.[8] This rule is most consistent with our admonition in *Monell,* 436 U.S., at 694, 98 S.Ct., at 2037, and *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981), that a municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." Only where a municipality's failure to train its employees in a relevant respect evidences a **"deliberate indifference"** to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.

City of Canton, Ohio v. Harris, 489 U.S. 378, 388–89, 109 S. Ct. 1197, 1204–05, 103 L. Ed. 2d 412 (1989) (emphasis added)

Here, Officer Jacobs' actions and omissions clearly evidence a **deliberate indifference** to the constitutional rights of the Appellant, Malcolm Shields, in this case.

Mr. Shields presented evidence from which a jury could conclude that the City of Winston-Salem failed to properly train its officers in the lawful management of credentialed journalists at public sporting events. The record shows Officer Jacobs was singularly focused on Mr. Shields without lawful justification, escalating an otherwise routine encounter into an unconstitutional arrest involving excessive force. (JA7, JA151, JAII - Appellant's video).

The City's failure to ensure that its officers understood appropriate procedures, limitations on their authority, and the First and Fourth Amendment rights of journalists and citizens, gives rise to a plausible *Monell* claim. *See Lytle v.*

*Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (custom may be shown by persistent and widespread practice). (*Id.*).

> To prevail on a § 1983 claim, the Lytles must show that (1) they were deprived of a federal statutory or constitutional right; and (2) the deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). As discussed above, the Lytles have indeed shown a deprivation of their Fourteenth Amendment right to due process. However, not every deprivation of a constitutional right will lead to municipal liability. Only in cases where the municipality causes the deprivation "through an official policy or custom" will liability attach. *Carter v. Morris,* 164 F.3d 215, 218 (4th Cir.1999).

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *Id.* at 217 (internal citations omitted).

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003)

Moreover, the City cannot escape liability simply by denying formal policies. A pattern of failing to intervene, investigate, or correct unlawful conduct by officers can constitute deliberate indifference. The allegations and factual record, viewed in Mr. Shields' favor, support such a finding here.

Therefore, summary judgment was inappropriate as to the municipal liability claims, and the jury should be allowed to determine whether the City's policies or practices caused the constitutional violations Mr. Shields suffered.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant Malcolm K. Shields respectfully requests that this Honorable Court reverse the District Court's grant of summary judgment on all or select claims, and remand this case for trial on the merits.  Mr. Shields further requests any other relief that this Honorable Court deems just and proper to which Mr. Shields is entitled.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 34 of the Federal Rules of Appellate Procedure, Plaintiff-Appellant respectfully requests oral argument. This appeal presents important questions concerning qualified immunity, excessive force, and municipal liability under 42 U.S.C. § 1983. Oral argument will assist this Honorable Court in resolving factual and legal disputes central to the constitutional issues raised.

Dated: May 30, 2025            Respectfully submitted,

/s/ J. Elliott Field
J. Elliott Field
J. ELLIOTT FIELD,
  ATTORNEY-AT-LAW, PLLC
216 North McDowell Street
Suite 100
Charlotte, NC 28204
(704) 334-3747
*efieldjd@gmail.com*

*Counsel for Appellant*

14

## CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limits because, excluding the

parts of the document exempted by Fed. R. App. P. 32(f) (cover page,

disclosure statement, table of contents, table of citations, statement regarding

oral argument, signature block, certificates of counsel, addendum,

attachments):

This document contains <u>3,173</u> words.

2.    This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface

using Microsoft Word in 14-point Times New Roman.


Dated: May 30, 2025              Respectfully submitted,

<u>/s/ J. Elliott Field</u>
J. Elliott Field
J. ELLIOTT FIELD,
  ATTORNEY-AT-LAW, PLLC
216 North McDowell Street
Suite 100
Charlotte, NC 28204
(704) 334-3747
*efieldjd@gmail.com*

*Counsel for Appellant*

15